IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHANDRA GARRETT,
          Plaintiff,

v.   Civil Action No. 3:19-cv-852

ANDREW M. SAUL, Commissioner of
Social Security,[1] et al.,
          Defendants.

## OPINION

In 2014, Shandra Garrett filed a claim with the Social Security Administration ("SSA") for disability benefits ("DIB") and supplemental social security income ("SSI"). After the SSA denied her claim, Garrett filed this case, challenging the SSA Commissioner's final decision. The Commissioner has moved to dismiss this case, arguing that Garrett did not file her complaint in a timely manner. Because Garrett did not file her complaint within the time period required by 42 U.S.C. § 405(g), the Court will dismiss this case with prejudice.

## I. BACKGROUND

On May 9, 2014, Garrett filed a claim for DIB and SSI. The SSA denied Garrett's claims on initial review in 2015 and again on reconsideration in 2017. Garrett requested a hearing before an administrative law judge ("ALJ"), which the SSA held on April 17, 2018. After the hearing, the ALJ denied Garrett's claim, concluding that Garrett was not disabled because she could perform work that generally exists in the national economy. Garrett appealed the ALJ's decision.

---

[1] Garrett filed her complaint against the "Social Security Administration" rather than the Commissioner of the Social Security Administration, Andrew M. Saul. Because the Commissioner is the proper defendant, however, the Court substitutes the Commissioner as the defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* 20 C.F.R. § 422.210(d).

On July 12, 2019, the SSA's Appeals Council ("the Appeals Council") denied Garrett's request for review, rendering the ALJ's decision the final decision of the Commissioner. The Appeals Council's notice of denial indicated that Garrett had sixty days from the date she received the notice to file a case in this Court. The notice of denial also indicated that it would assume that Garrett received the denial notice five days after the date of the notice, unless Garrett showed the Appeals Council that she did not receive it within that five-day period. Garrett did not notify the Appeals Council that she did not receive the denial notice within five days and never requested an extension of time to file her complaint.

On November 15, 2019, Garrett filed this case, challenging the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). On November 19, 2019, the Court granted Garrett's motion to proceed *in forma pauperis*. On November 22, 2019, Garrett filed an amended complaint. On December 3, 2019, the Court ordered Garrett to provide the address of Rebecca Seitz, a second defendant she named in her amended complaint.[2] On January 27, 2020, the Commissioner moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Garrett did not file her complaint on time.[3] Garrett neither provided the address of the new defendant nor responded to the motion to dismiss.

---

[2] Because the Commissioner is "the only proper defendant" in a complaint challenging the Commissioner's final decision, Garrett's claim against Seitz, the Appeals Officer who signed Garrett's Notice of Appeals Council Action, "fails as a matter of law." *Oden v. Colvin*, No. 3:15-cv-65-MHL, 2015 WL 4393410, at *2 (E.D. Va. July 9, 2015). Accordingly, the Court will dismiss Seitz as an improperly named defendant.

[3] The motion included the warnings required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

## II. <u>LEGAL STANDARD</u>

Because the "the 60-day requirement [to seek review of the Commissioner's final decision] is not jurisdictional, but rather constitutes a period of limitations," courts consider the timeliness of a complaint under Rule 12(b)(6). *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims.[4] *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[4] Here, the Commissioner attached a declaration by Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration; the ALJ Notice of Decision; and the Notice of Appeals Council Action. Because a Rule 12(b)(6) motion gauges the sufficiency of a complaint, courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference when evaluating such a motion. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). In appropriate cases, however, courts may also (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.* at 166; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (per curiam). Accordingly, the Court considers the Podraza declaration, the ALJ Notice of Decision, and the Notice of Appeals Council Action in this Opinion.

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Garrett does here, courts do not expect her to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* Courts do not need to discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### III. DISCUSSION

#### A. Timeliness

The Social Security Act ("Act") provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Thus, § 405(g) requires a plaintiff challenging a final decision of the Commissioner to file a case in federal court within sixty days after the plaintiff receives the Appeals Council decision. 42 U.S.C. § 405(g). Additionally, the Appeals Council assumes that the plaintiff received its decision five days after the denial notice was mailed, unless the plaintiff shows that she did not receive it within that period. *See Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 482 (W.D.N.Y. 2015).

Here, the Appeals Council notified Garrett of its decision on July 12, 2019. The Appeals Council assumed that Garrett received the denial notice five days later, and no evidence exists to the contrary. Thus, Garrett's sixty-day period for filing began on July 17, 2019. Accordingly, Garrett's complaint was due on September 16, 2019.[5] Garrett did not file her complaint until November 15, 2019, two months after the sixty-day deadline expired. Accordingly, Garrett did not file her complaint on time.

### B. Equitable Tolling

"Although a plaintiff generally must comply with the sixty-day deadline for commencing a judicial review of the Commissioner's decision, regulations allow for the Commissioner to extend the sixty-day deadline upon a showing of good cause by the plaintiff." *Simmons, ex rel. N.J.A. v. Berryhill*, 3:16-cv-986, 2017 WL 1734053, at *3 (E.D. Va. Apr. 17, 2017), *report & recommendation adopted*, 2017 WL 1734035 (May 2, 2017). Additionally, a court "may equitably toll the sixty-day deadline" in "exceptional circumstances." *Id.* The party "seeking equitable tolling bears the burden of establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Id.*

Here, Garrett has not shown good cause to toll the sixty-day deadline. Garrett never requested an extension of time to file this case from either the Appeals Council or this Court. Moreover, she never responded to the Commissioner's motion to dismiss and has not otherwise alleged any "exceptional circumstances" that would justify equitable tolling. *Id.* Thus, Garrett has not diligently pursued her rights or established that extraordinary circumstances prevented her

---

[5] *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the [filing deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

from filing this case by September 16, 2019. *Id.* Equitable tolling, therefore, does not apply in this case.

## IV. **CONCLUSION**

Because Garrett did not timely file her complaint and equitable tolling does not apply, the Court will dismiss this case with prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: 7 May 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge